**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| JOHN C. KITCHIN, JR., et al., ) | |
| *on behalf of themselves and all others* ) | |
| *similarly situated*, ) | |
| ) | |
| ) | |
| Plaintiffs, ) | Case No.  4:18-cv-672 |
| ) | |
| vs. ) | |
| ) | |
| BRIDGETON LANDFILL, LLC; et al. ) | |
| ) | |
| Defendants. ) | |

**ANSWER**

Defendant Allied Services, LLC, for its Answer to Plaintiff's First Amended Class Action Petition ("Complaint"), states as follows:

1.      Defendant denies the allegations in Paragraph 1.

2.      Defendant denies the allegations in Paragraph 2.

3.      Defendant denies the allegations in Paragraph 3.

4.      Defendant denies the allegations in Paragraph 4.

5.      Defendant denies the allegations in Paragraph 5.

6.      Defendant denies the allegations in Paragraph 6.

7.      Defendant denies the allegations in Paragraph 7.

8.      Defendant admits the West Lake Landfill and the Bridgeton Landfill are part of the West Lake Landfill Superfund Site.  Defendant denies the remaining allegations in Paragraph 8.

9.      Defendant denies the allegations in Paragraph 9.

10.    Defendant denies the allegations in Paragraph 10.

11.    Defendant denies the allegation in Paragraph 11.

12.    Defendant denies the allegation in Paragraph 12.

## JURISDICTION AND VENUE

13.    Paragraph 13 states legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 13.

14.    Paragraph 14 states legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 14.

15.    Paragraph 15 states legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 15.

16.    Defendant denies the allegations in Paragraph 16.

17.    Defendant denies the allegations in Paragraph 17.

18.    Defendant denies the allegations in Paragraph 18.

19.    Defendant denies the allegations in Paragraph 19.

20.    Defendant denies the allegations in Paragraph 20.

21.    Defendant denies the allegations in Paragraph 21.

## THE PARTIES

22.    Defendant is without information or knowledge sufficient to form a belief as to Paragraph 22, and therefore denies the same.

23.    Defendant is without information or knowledge sufficient to form a belief as to Paragraph 23, and therefore denies the same.

24.    Defendant denies the allegations in Paragraph 24.

25.    Defendant denies the allegations in Paragraph 25.

26.     Defendant states Bridgeton Landfill, LLC owned and/or operated the Bridgeton Landfill since a date prior to November 1, 2010.  Defendant denies the remaining allegations contained in Paragraph 27.

27.     Defendant admits Republic Services, Inc. is a Delaware corporation with its principal place of business in Arizona.  Defendant denies the remaining allegations contained in Paragraph 27.

28.     Defendant admits Allied Services, LLC is a Delaware limited liability company. Its two members are Allied Waste Landfill Holdings, Inc. and Allied Waste North America, LLC.  Allied Waste Landfill Holdings, Inc. is a Delaware corporation with its principal place of business in Arizona.  Allied Waste North America, LLC is a Delaware limited liability company. Its sole member is Allied Waste Industries, LLC, a Delaware limited liability company.  Allied Waste Industries, LLC's sole member is Republic Services, Inc. a Delaware corporation with its principal place of business in Arizona.  Defendant denies the remaining allegations contained in Paragraph 28.

29.     Defendant admits Bridgeton Landfill, LLC is a Delaware limited liability company whose sole member is Defendant Allied Waste North America, LLC, a Delaware limited liability company.  Allied Waste Industries, LLC's sole member is Republic Services, Inc. a Delaware corporation with its principal place of business in Arizona.  Defendant denies the remaining allegations contained in Paragraph 29.

30.     Defendant admits that effective April 9, 2018, Rock Road Industries, Inc. merged into Bridgeton Landfill, LLC, a Delaware limited liability company whose sole member is Defendant Allied Waste North America, LLC, a Delaware limited liability company.  Allied Waste Industries, LLC's sole member is Republic Services, Inc. a Delaware corporation with its

principal place of business in Arizona.  Defendant denies the remaining allegations contained in Paragraph 30.

## CLASS ACTION ALLEGATIONS

31.     Paragraph 31 states legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 31.

32.     Paragraph 32 is a statement of Plaintiffs' motives in filing suit to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 32.

33.     Defendant denies the allegation in Paragraph 33.

34.     Paragraph 34 is a statement of Plaintiffs' proposed class definition to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 34.

35.     Paragraph 35 is a statement of Plaintiffs' proposed class definition to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 35.

36.     Paragraph 36 is a statement of Plaintiffs' proposed class definition to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 36.

37.     Paragraph 37 states legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 37.

38.     Paragraph 38 states legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 38.

39.     Paragraph 39 states legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 39.

40.     Defendant denies the allegation in Paragraph 40.

41.     Paragraph 41 states legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 41.

42.     Defendant denies the allegation in Paragraph 42.

43.     Defendant denies the allegation in Paragraph 43.

44.     Defendant denies the allegation in Paragraph 44.

45.     Paragraph 45 states legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 45.

46.     Paragraph 46 states legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 46.

47.     Paragraph 47 states legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 47.

48.     Defendant denies the allegation in Paragraph 48.

49.     Paragraph 49 states legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 49.

50.     Defendant denies the allegation in Paragraph 50.

## **FACTS**

51.     Paragraph 51 does not contain any allegation to which a response is required.  To the extent the Paragraph attempts to plead allegations against Defendant, Defendant denies the same.

52.     Paragraph 52 does not contain any allegation to which a response is required.  To the extent the Paragraph attempts to plead allegations against Defendant, Defendant denies the same.

53.     Paragraph 53 does not contain any allegation to which a response is required.  To the extent the Paragraph attempts to plead allegations against Defendant, Defendant denies the same.

54.     Paragraph 54 does not contain any allegation to which a response is required.  To the extent the Paragraph attempts to plead allegations against Defendant, Defendant denies the same.

55.     Paragraph 55 does not contain any allegation to which a response is required.  To the extent the Paragraph attempts to plead allegations against Defendant, Defendant denies the same.

56.     Paragraph 56 does not contain any allegation to which a response is required.  To the extent the Paragraph attempts to plead allegations against Defendant, Defendant denies the same.

57.     Paragraph 57 does not contain any allegation to which a response is required.  To the extent the Paragraph attempts to plead allegations against Defendant, Defendant denies the same.

58.     Paragraph 58 does not contain any allegation to which a response is required.  To the extent the Paragraph attempts to plead allegations against Defendant, Defendant denies the same.

59.    Paragraph 59 does not contain any allegation to which a response is required.  To the extent the Paragraph attempts to plead allegations against Defendant, Defendant denies the same.

60.    Paragraph 60 does not contain any allegation to which a response is required.  To the extent the Paragraph attempts to plead allegations against Defendant, Defendant denies the same.

61.    Paragraph 61 does not contain any allegation to which a response is required.  To the extent the Paragraph attempts to plead allegations against Defendant, Defendant denies the same.

62.    Paragraph 62 does not contain any allegation to which a response is required.  To the extent the Paragraph attempts to plead allegations against Defendant, Defendant denies the same.

63.    Paragraph 63 does not contain any allegation to which a response is required.  To the extent the Paragraph attempts to plead allegations against Defendant, Defendant denies the same.

64.    Paragraph 64 does not contain any allegation to which a response is required.  To the extent the Paragraph attempts to plead allegations against Defendant, Defendant denies the same.

65.    Paragraph 65 does not contain any allegation to which a response is required.  To the extent the Paragraph attempts to plead allegations against Defendant, Defendant denies the same.

66.    Defendant denies the allegations in Paragraph 66.

67.    Defendant denies the allegations in Paragraph 67.

68.     Paragraph 68 does not contain any allegation to which a response is required.  To the extent the Paragraph attempts to plead allegations against Defendant, Defendant denies the same.

69.     Paragraph 69 does not contain any allegation to which a response is required.  To the extent the Paragraph attempts to plead allegations against Defendant, Defendant denies the same.

70.     Paragraph 68 does not contain any allegation to which a response is required.  To the extent the Paragraph attempts to plead allegations against Defendant, Defendant denies the same.

71.     Defendant denies the allegations in Paragraph 69.

72.     Defendant denies the allegations in Paragraph 72.

73.     Defendant denies the allegations in Paragraph 73.

74.     Defendant denies the allegations in Paragraph 74.

75.     Paragraph 75 does not contain any allegation to which a response is required.  To the extent the Paragraph attempts to plead allegations against Defendant, Defendant denies the same.

76.     Paragraph 76 does not contain any allegation to which a response is required.  To the extent the Paragraph attempts to plead allegations against Defendant, Defendant denies the same.

77.     Defendant denies the allegations in Paragraph 77.

78.     Defendant denies the allegations in Paragraph 78.

79.     Defendant denies the allegations in Paragraph 79.

80.     Defendant denies the allegations in Paragraph 80.

81.     Defendant denies the allegations in Paragraph 81.

82.     Defendant denies the allegations in Paragraph 82.

83.     Defendant denies the allegations in Paragraph 83.

84.     Defendant denies the allegations in Paragraph 84.

85.     Defendant denies the allegations in Paragraph 85.

86.     Defendant denies the allegations in Paragraph 86.

87.     Defendant denies the allegations in Paragraph 87.

88.     Defendant denies the allegations in Paragraph 88.

89.     Defendant denies the allegations in Paragraph 89.

90.     Defendant denies the allegations in Paragraph 90.

91.     Defendant denies the allegations in Paragraph 91.

92.     Defendant denies the allegations in Paragraph 92.

93.     Defendant denies the allegations in Paragraph 93.

94.     Defendant denies the allegations in Paragraph 94.

95.     Defendant denies the allegations in Paragraph 95.

96.     Paragraph 96 does not contain any allegation to which a response is required.  To the extent the Paragraph attempts to plead allegations against Defendant, Defendant denies the same.

97.     Defendant denies the allegations in Paragraph 97.

98.     Defendant denies the allegations in Paragraph 98.

99.     Defendant denies the allegations in Paragraph 99.

100.    Defendant denies the allegations in Paragraph 100.

101.    Defendant denies the allegations in Paragraph 101.

102.    Defendant denies the allegations in Paragraph 102.

103.    Defendant denies the allegations in Paragraph 103.

104.    Defendant denies the allegations in Paragraph 104.

105.    Defendant denies the allegations in Paragraph 105.

106.    Defendant denies the allegations in Paragraph 106.

107.    Defendant denies the allegations in Paragraph 107.

108.    Defendant denies the allegations in Paragraph 108.

109.    Defendant denies the allegations in Paragraph 109.

110.    Defendant denies the allegations in Paragraph 110.

111.    Defendant denies the allegations in Paragraph 111.

112.    Defendant denies the allegations in Paragraph 112.

113.    Defendant denies the allegations in Paragraph 113.

114.    Defendant denies the allegations in Paragraph 114.

115.    Defendant denies the allegations in Paragraph 115.

## COUNT I – TRESPASS

116.    Defendant incorporates by reference its response to all allegations of the preceding paragraphs.

117.    Defendant is without information or knowledge sufficient to form a belief as to Paragraph 117, and therefore denies the same.

118.    Defendant is without information or knowledge sufficient to form a belief as to Paragraph 118, and therefore denies the same.

119.    Defendant denies the allegation in Paragraph 119.

120.    Defendant denies the allegation in Paragraph 120.

121.    Defendant denies the allegation in Paragraph 121.

122.    Defendant denies the allegation in Paragraph 122.

123.    Defendant denies the allegation in Paragraph 123.

124.    Defendant denies the allegation in Paragraph 124.

125.    Defendant denies the allegation in Paragraph 125.

126.    Defendant denies the allegation in Paragraph 126.

127.    Defendant denies the allegation in Paragraph 127.

128.    Defendant denies the allegation in Paragraph 128.

## COUNT II – PERMANENT NUISANCE

129.    Defendant incorporates by reference its response to all allegations of the preceding paragraphs.

130.    Defendant is without information or knowledge sufficient to form a belief as to Paragraph 130, and therefore denies the same.

131.    Defendant is without information or knowledge sufficient to form a belief as to Paragraph 131, and therefore denies the same.

132.    Defendant denies the allegation in Paragraph 132.

133.    Defendant denies the allegation in Paragraph 133.

134.    Defendant denies the allegation in Paragraph 134.

135.    Defendant denies the allegation in Paragraph 135.

136.    Defendant denies the allegation in Paragraph 136.

137.    Defendant denies the allegation in Paragraph 137.

138.    Defendant denies the allegation in Paragraph 138.

139.    Defendant denies the allegation in Paragraph 139.

140.    Defendant denies the allegation in Paragraph 140.

141.    Defendant denies the allegation in Paragraph 141.

## COUNT III – TEMPORARY NUISANCE

142.    Defendant incorporates by reference its response to all allegations of the preceding paragraphs.

143.    Defendant is without information or knowledge sufficient to form a belief as to Paragraph 143, and therefore denies the same.

144.    Defendant is without information or knowledge sufficient to form a belief as to Paragraph 144, and therefore denies the same.

145.    Defendant denies the allegation in Paragraph 145.

146.    Defendant denies the allegation in Paragraph 146.

147.    Defendant denies the allegation in Paragraph 147.

148.    Defendant denies the allegation in Paragraph 148.

149.    Defendant denies the allegation in Paragraph 149.

150.    Defendant denies the allegation in Paragraph 150.

151.    Defendant denies the allegation in Paragraph 151.

152.    Defendant denies the allegation in Paragraph 152.

## COUNT IV – NEGLIGENCE

153.    Defendant incorporates by reference its response to all allegations of the preceding paragraphs.

154.    Paragraph 154 does not contain any allegation to which a response is required. To the extent the Paragraph attempts to plead allegations against Defendant, Defendant denies the same.

155.    Defendant denies the allegation in Paragraph 155.

156.    Defendant denies the allegation in Paragraph 156.

157.    Defendant denies the allegation in Paragraph 157.

158.    Defendant denies the allegation in Paragraph 158.

159.    Defendant denies the allegation in Paragraph 159.

160.    Defendant denies the allegation in Paragraph 160.

161.    Defendant denies the allegation in Paragraph 161.

162.    Defendant denies the allegation in Paragraph 162.

163.    Defendant denies the allegation in Paragraph 163.

164.    Defendant denies the allegation in Paragraph 164.

165.    Defendant denies the allegation in Paragraph 165.

166.    Defendant denies the allegation in Paragraph 166.

167.    Defendant denies the allegation in Paragraph 167.

## COUNT V – NEGLIGENCE PER SE

168.    Defendant incorporates by reference its response to all allegations of the preceding paragraphs.

169.    Defendant denies the allegation in Paragraph 169.

170.    Defendant denies the allegation in Paragraph 170.

171.    Defendant denies the allegation in Paragraph 171.

172.    Defendant denies the allegation in Paragraph 172.

173.    Defendant denies the allegation in Paragraph 173.

174.    Defendant denies the allegation in Paragraph 174.

175.    Defendant denies the allegation in Paragraph 175.

## COUNT VI – STRICT LIABILITY/ABSOLUTE LIABILITY

176.    Defendant incorporates by reference its response to all allegations of the preceding paragraphs.

177.    Defendant denies the allegation in Paragraph 177.

178.    Defendant denies the allegation in Paragraph 178.

179.    Defendant denies the allegation in Paragraph 179.

180.    Defendant denies the allegation in Paragraph 180.

181.    Defendant denies the allegation in Paragraph 181.

182.    Defendant denies the allegation in Paragraph 182.

183.    Defendant denies the allegation in Paragraph 183.

## COUNT VII – INJUNCTIVE RELIEF

184.    Defendant incorporates by reference its response to all allegations of the preceding paragraphs.

185.    Defendant denies the allegation in Paragraph 185.

186.    Defendant denies the allegation in Paragraph 186.

187.    Defendant denies the allegation in Paragraph 187.

188.    Defendant denies the allegation in Paragraph 188.

189.    Defendant denies Plaintiffs are entitled to any relief requested in Paragraph 189.

190.    Defendant denies Plaintiffs are entitled to any relief requested in Paragraph 190.

191.    Defendant denies the allegation in Paragraph 191.

## COUNT VIII – CIVIL CONSPIRACY

192.    Defendant incorporates by reference its response to all allegations of the preceding paragraphs.

193.    Defendant denies the allegation in Paragraph 193.

194.    Defendant denies the allegation in Paragraph 194.

195.    Defendant denies the allegation in Paragraph 195.

### COUNT IX – PUNITIVE DAMAGES

196.    Defendant incorporates by reference its response to all allegations of the preceding paragraphs.

197.    Defendant denies the allegation in Paragraph 197.

198.    Defendant denies the allegation in Paragraph 198.

199.    Defendant denies the allegation in Paragraph 199.


Defendant denies Plaintiffs are entitled to any relief whatsoever.


### AFFIRMATIVE DEFENSES

Defendant, for its affirmative and/or further defenses, states as follows:

1.    Defendant denies each and every allegation not specifically admitted.

2.    Plaintiffs' Petition fails to state a claim upon which relief can be granted.

3.    Plaintiffs' claims are barred by the applicable statutes of limitations, RSMo § 516.120.

4.    Plaintiffs have not suffered any legally compensable injury within the applicable periods of limitations preceding the filing of this action.

5.    Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of repose.

6.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

7.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

8.    Plaintiffs' purported causes of action and alleged damages, if any, were not proximately caused by any act or omission of Defendant.

9.    Plaintiffs' purported causes of action and alleged damages, if any, were caused by the acts or omissions of persons or entities for whose conduct Defendant is not legally responsible.

10.    Plaintiffs' purported causes of action and alleged damages, if any, are the responsibility of third parties including, but not limited to, Plaintiffs and other unnamed parties, and such liability, if any, should be apportioned according to fault in accordance with the laws of the State of Missouri.

11.    Plaintiffs failed to mitigate their damages by failing to exercise reasonable and ordinary care, caution, or prudence in order to minimize or prevent the damages Plaintiffs claim to have suffered.  As a result, any resulting damages sustained by Plaintiffs were proximately caused and contributed by the negligence of Plaintiffs themselves.  Therefore, any award made in favor of Plaintiffs must be apportioned to fault in accordance with the laws of the State of Missouri.

12.    Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' ratification and/or consent.

13.    Plaintiffs' claims are barred, in whole or in part, by other, third parties who consented to all acts and conduct of Defendant.

14.    The alleged damages claimed by Plaintiffs are speculative, depend on the happening of events that are not reasonably certain to occur, may be mitigated by future events, and cannot be determined with the degree of certainty required by law.

15.    The Petition and each purported cause of action therein are barred because the utility of the conduct of which Plaintiffs complains outweighs any alleged harm to Plaintiffs.

16.    There can be no double recovery for any alleged injury.  To the extent that Plaintiffs have alleged damages that already have been compensated or remediated, or any expenses otherwise covered, Plaintiffs are barred from seeking further recovery and must elect their remedy.

17.    Defendant reserves the right to amend its Answer and affirmative defenses and to plead additional defenses as discovery progresses.

18.    Plaintiffs cannot state a claim against Republic because Republic did not control, nor did it have the right to control, the instrumentalities Plaintiffs claim caused the harm.

19.    Defendant conducted all actions in accordance with industry standards, government requirements, and the prevailing state of the art and technology in the industry at the time of the alleged act.

20.    Plaintiffs' claims should be dismissed for their failure to join indispensable parties.  Plaintiffs failed to join St. Louis Lambert Airport as a necessary or indispensable party to the extent the relief sought by Plaintiffs affects the airport's negative easement at the West Lake Landfill and/or Bridgeton Landfill.  Plaintiffs failed to join the U.S. Environmental Protection Agency, the Department of Energy or other successor entities to the Atomic Energy Commission, and other federal agencies, which are indispensable parties for the claims made in this Petition.

21.    The federal government, through federal statutes, has preempted the field of law applicable to the claims at issue. The activities referred to in the Petition were and are controlled by federal law, which governs the nuclear industry at all times. Plaintiffs' claims are thus

preempted in whole or in part such that they fail to state a cause of action upon which relief can be granted.

22.      Plaintiffs' request for relief is preempted as it attempts to shape and therefore challenge the remedy already underway under the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. § 9604, and violates the timing of review provisions thereunder, 42 U.S.C. § 9613(h).

23.      Plaintiffs' request for relief is preempted by the Price Anderson Act, 42 U.S.C. § 2210, as amended because this lawsuit is truly a public liability action sounding exclusively under the Price Anderson Act.

24.      Defendant asserts any and all defenses, claims, credits, offsets, or remedies provided by the Price Anderson Act, 42 U.S.C. § 2210, as amended, and reserves the right to amend its Answer to file such further pleadings as are necessary at the appropriate time to preserve and assert such defenses, claims, credits, offsets, or remedies.

25.      Plaintiffs' claims are barred because, regardless of how characterized in this Petition, they are in fact and in law claims against the United States, which has not waived its sovereign immunity to suit.  Plaintiffs' claims necessarily challenge decisions that were made by the United States and are protected from judicial review by the "discretionary function" exception to the Federal Tort Claims Act, 28 U.S.C. § 2680 and/or other statutes.

26.      Any activities undertaken by Defendant that are referenced in the Petition, if any, were performed under contractual obligation, pursuant to government instruction, and at the direction and under the supervision, approval, and control of the United States and/or its agents.

27.     If the property in question was exposed to any chemical or compound connected to this Defendant, which is specifically denied, then such exposure was inconsequential or de minimis, thus barring any recovery by the Plaintiffs.

28.     The imposition of punitive damages in this case would violate the Due Process Clause of the Constitution to the State of Missouri, Article I Section 10, and the Due Process and Equal Protection Clauses of the Fifth and Fourteenth Amendments, the Sixth Amendment, and the Eighth Amendment of the United States Constitution because punitive damages constitute penal damages and amount to an unconstitutional criminal and excessive fine or punishment in a civil proceeding.

29.     The imposition of punitive damages in this case would violate the Due Process Clause of the Constitution to the State of Missouri, Article I Section 10, and the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution because Missouri's post-verdict review procedures for scrutinizing punitive damage verdicts do not provide a meaningful constraint on the discretion of juries to impose punishment, there are no adequate and objective procedures, standards, or instructions that guide trial and appellate courts concerning the purposes of punitive damages and the reasons for awarding such damages, and no adequate procedures, standards, or instructions exist to guide the trial and appellate courts in reviewing an excessive award of punitive damages.

30.     The imposition of punitive damages in this case would violate the Excessive Fines Clause of the Missouri Constitution, Article I Section 21, because Defendant did not act with complete indifference to or conscious disregard for the safety of others and acted in compliance in compliance with the applicable state and federal regulations at all times relevant to the Petition.

31.     Plaintiffs' demands for punitive damages as alleged in the Petition are barred because Defendant did not act with complete indifference to or conscious disregard for the safety of others and acted in compliance with the applicable state and federal regulations at all times relevant to the Petition.

32.     Defendant does not own or operate the facilities or conduct the activities that are the subject of the Petition.

33.     Putative Class Member Menke's claim is barred by the terms of the settlement she reached with some or all Defendants on or about September 10, 2016.

WHEREFORE, having fully answered Plaintiffs' Petition, Defendant requests that the Court deny the relief sought by Plaintiffs and grant such other and further relief as the Court deems just and proper.

Dated: April 27, 2018                   LATHROP GAGE LLP


By: /s/ William G. Beck
William G. Beck          26849MO
Peter F. Daniel          33798MO
Allyson E. Cunningham 64802MO
2345 Grand Boulevard, Suite 2200
Kansas City, Missouri  64108-2618
Telephone:       (816) 292-2000
Telecopier:      (816) 292-2001
wbeck@lathropgage.com
pdaniel@lathropgage.com
acunningham@lathropgage.com

Patricia Lehtinen Silva   67213MO
Pierre Laclede Center
7701 Forsyth Boulevard, Suite 500
Clayton, Missouri  63105
Telephone:       (314) 613-2800
Telecopier:      (314) 613-2801
psilva@lathropgage.com

ATTORNEYS FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above pleading was served via the U.S. District Court ECM/ECF system and via First Class Mail, postage prepaid, on the following counsel of record, this 27th day of April, 2018:

Ryan A. Keane                         Barry J. Cooper
Alex Braitberg                        Celeste Brustowicz
7777 Bonhomme Ave., Ste. 1600         508 St. Philip Street
St. Louis, MO 63105                   New Orleans, LA 70116

Anthony D. Gray                       Ron A. Austin
319 North 4th Street, Ste. 212        Catherine Hilton
St. Louis, MO 63102                   920 4th Street
                                      Gretna, LA 70053

ATTORNEYS FOR PLAINTIFFS


/s/ William G. Beck
An Attorney for Defendants