IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN C. KITCHIN, JR., NORTH WEST AUTO BODY COMPANY, and MARY MENKE, on behalf of themselves and all others similarly situated, | ) ) ) ) ) |
| Plaintiffs, | ) Case No. 4:18-cv-00672-CDP |
| vs. | ) ) |
| BRIDGETON LANDFILL, LLC, REPUBLIC SERVICES, INC., ALLIED SERVICES, LLC, and ROCK ROAD INDUSTRIES, INC., | ) ) ) ) ) |
| Defendants. | ) |

**UNOPPOSED MOTION AND INCORPORATED MEMORANDUM IN SUPPORT TO STAY PROCEEDINGS AND RULE 16 DEADLINES PENDING RESOLUTION OF PLAINTIFFS' MOTION FOR REMAND**

COME NOW Plaintiffs and respectfully move this Court for an order staying proceedings including the deadlines set out in the Court's Rule 16 Order, (Doc. 21), pending resolution of the jurisdictional issues presented by Plaintiffs' Motion for Remand.

1. This unopposed request to stay is sought for three primary reasons: a) jurisdictional concerns are threshold issues that should be resolved before scheduling and discovery deadlines are imposed; b) judicial economy and conservation of party and court resources; and c) granting a stay will not prejudice any party.

2. On April 27, 2018, Defendants removed this case to this Court from the St. Louis County Circuit Court. (Doc. 1).

3. On May 29, 2018, this Court entered its Order Setting Rule 16 Conference, which established a date of July 17, 2018 for the Scheduling Conference, a deadline of July 10, 2018 to

1

file a Joint Proposed Scheduling Plan, and the related mandatory meet and confer regarding the joint proposed scheduling plan.  (Doc. 21).

4. On June 22, 2018, Plaintiffs filed a Motion to Remand this case back to St. Louis County Circuit Court.  (Doc. 27).

5. Plaintiffs' counsel conferred with defense counsel on this Motion to Stay, and Defendants consent to the filing of this motion as unopposed.

## MEMORANDUM IN SUPPORT

Plaintiffs' Motion for Remand is a threshold procedural and jurisdictional motion that should be decided before the Parties and this Court meet, discuss, and establish any scheduling and discovery obligations that would not apply if this Court grants Plaintiffs' Motion for Remand. This Court is authorized to stay proceedings as appropriate.  "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Stone v. Immigration and Naturalization Service*, 514 U.S. 386, 411 (1995) ("[W]e have long recognized that courts have inherent power to stay proceedings.").

Before this Court can proceed to address the Parties' claims and defenses on the merits of this litigation, it should consider whether it even has subject matter jurisdiction over those claims. Plaintiff firmly believe this case belongs in state court.  Defendant disagrees.  There are sufficient grounds for this Court to stay proceedings until this Court rules on subject matter jurisdiction. Indeed, subject matter jurisdiction is a "threshold matter" that courts must resolve before proceeding to the merits. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). "The requirement that jurisdiction be established as a threshold matter . . . is 'inflexible and without exception.'" *Ruhrgas Ag v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999) (quoting *Steel Co.*, 523

2

U.S. at 94-95); *see Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 593 (2004) ("We have . . . urged counsel and district courts to treat subject matter jurisdiction as a threshold issue for resolution . . . ."); *Warner v. Chase Home Fin.* LLC, 530 F. App'x 614, 615 (8th Cir. 2013) ("In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments"), *citing Carlson v. Arrowhead Concrete Works, Inc.,* 445 F.3d 1046, 1050 (8th Cir. 2006)); *see also Higgins v. Deep Discounts, LLC*, 2018 WL 1695533, at *5 (E.D. Mo. Apr. 6, 2018) (staying proceedings including discovery, case management deadlines, and Rule 26 disclosure obligations pending resolution of motion for remand).

Imposing a temporary stay conserves judicial and party resources. When a court grants a stay, it must "weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 255. Granting the stay will conserve the resources of the Court and the parties by not requiring the parties to meet, confer, and establish a scheduling plan unless this Court determines that it has subject matter jurisdiction to hear this case. Moreover, granting the requested stay would impose no hardship on either party or the Court. The stay would be temporary and end with the Court's ruling on Plaintiffs' Motion for Remand.

WHEREFORE, Plaintiffs respectfully request that this Court enter an order staying proceedings in this case including the deadlines set out in the Court's Rule 16 Order, (Doc. 21), pending resolution of the jurisdictional issues presented by Plaintiffs' Motion for Remand.

Dated: June 29, 2018                                Respectfully submitted,

                                                    KEANE LAW LLC

                                            By:    /s/ *Ryan Keane*          .
                                                    Ryan A. Keane, # 62112
                                                    Alex Braitberg, # 67045
                                                    7777 Bonhomme Ave, Ste 1600

3

St. Louis, MO 63105
Phone: (314) 391-4700
Fax: (314) 244-3778
ryan@keanelawllc.com
alex@keanelawllc.com

JOHNSON GRAY, LLC
Anthony D. Gray, # 51534
319 North 4th Street, Suite 212
St. Louis, MO 63102
Phone: (314) 385- 9500
agray@johnsongraylaw.com

COOPER LAW FIRM, L.L.C
Barry J. Cooper, Jr., TX Bar # 24057527 *pro hac vice* forthcoming
Celeste Brustowicz, LA Bar # 16835 *pro hac vice*
Victor Cobb, LA Bar # 36830 *pro hac vice* forthcoming
1525 Religious St.
New Orleans, LA 70130
Phone: (504) 566-1558
Fax: 504-309-6989
bcooper@sch-llc.com
cbrustowicz@sch-llc.com

and

RON AUSTIN & ASSOCIATES, L.L.C.
Ron A. Austin, LA Bar # 23630 *pro hac vice* forthcoming
Catherine Hilton, LA Bar # 27238 *pro hac vice* forthcoming
Lillian Williams, LA Bar # 37358 *pro hac vice* forthcoming
920 4th Street
Gretna, Louisiana 70053
Phone: (504) 227-8100
Fax: (504) 227-8122
raustin@ronaustinandassociates.com
chilton@ronaustinandassociates.com

*Attorneys for Plaintiffs and Proposed Class*

4

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 29, 2018, a true and accurate copy of the foregoing was served by filing it in the court's electronic filing system, which will provide electronic notice to all parties and attorneys of record.

/s/  Ryan Keane