# United States Court of Appeals
### *For The Eighth Circuit*
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Room 24.329
### St. Louis, Missouri 63102

**Michael E. Gans**
*Clerk of Court*

**VOICE (314) 244-2400**
**FAX (314) 244-2780**
**www.ca8.uscourts.gov**

July 08, 2021

Mr. William Garland Beck
LATHROP GPM LLP
Suite 2200
2345 Grand Boulevard
Kansas City, MO  64108-2612

     RE:  19-2072  John Kitchin, et al v. Bridgeton Landfill, et al

Dear Counsel:

     The court has issued an opinion in this case. Judgment has been entered in accordance with the opinion. The opinion will be released to the public at 10:00 a.m. today. Please hold the opinion in confidence until that time.

     Please review Federal Rules of Appellate Procedure and the Eighth Circuit Rules on post-submission procedure to ensure that any contemplated filing is timely and in compliance with the rules. Note particularly that petitions for rehearing and petitions for rehearing en banc must be received in the clerk's office within 14 days of the date of the entry of judgment. Counsel-filed petitions must be filed electronically in CM/ECF. Paper copies are not required. No grace period for mailing is allowed, and the date of the postmark is irrelevant for pro-se-filed petitions. Any petition for rehearing or petition for rehearing en banc which is not received within the 14 day period for filing permitted by FRAP 40 may be denied as untimely.

                          Michael E. Gans
                          Clerk of Court

ALK

Enclosure(s)

cc:   Ms. Celeste Brustowicz
      Mr. Nathaniel R. Carroll
      Mr. Victor T. Cobb
      Mr. Barry J. Cooper Jr.
      Ms. Allyson Elisabeth Cunningham
      Mr. Anthony D. Gray
      Mr. Ryan A. Keane
      Mr. Gregory J. Linhares
      Mr. Ron A. Rustin
      Ms. Patricia L. Silva
      Mr. Stuart H. Smith
        District Court/Agency Case Number(s):   4:18-cv-00672-CDP

# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-2072
_____

John C. Kitchin; North West Auto Body; Mary Menke, on behalf of themselves
and all others similarly situated

*Plaintiffs - Appellees*

v.

Bridgeton Landfill, LLC; Republic Services, Inc.; Allied Services; Rock Road
Industries, Inc.

*Defendants - Appellants*
_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis
_____

Submitted: January 14, 2021
Filed: July 8, 2021
_____

Before GRUENDER, BENTON, and STRAS, Circuit Judges.
_____

GRUENDER, Circuit Judge.

Bridgeton Landfill, LLC; Republic Services, Inc.; and Allied Services, LLC
("Appellants") challenge the district court's decision to remand this removed action
to state court under the local-controversy exception to the Class Action Fairness Act
of 2005 ("CAFA"). *See* 28 U.S.C. § 1332(d)(4)(A). We reverse.

# I.

At first in connection with the Manhattan Project during World War II and then for the federal government after the war, a government contractor refined uranium at a facility in downtown St. Louis, Missouri in the 1940s and 1950s.[1] Unsurprisingly, this activity created radioactive waste. Accordingly, the Manhattan Project acquired a tract of land near the present-day St. Louis Lambert International Airport in St. Louis County to store the waste. The Cotter Corporation (which is not a party in this action) later acquired some of this waste, and in 1973 it dumped more than 46,000 tons of a soil-and-radioactive-waste mixture at the West Lake Landfill in Bridgeton, Missouri. That soil-waste mixture was then used as cover for municipal refuse dumped in the landfill. In 1990, the Environmental Protection Agency ("EPA") placed the West Lake Landfill on the Superfund National Priorities List for site investigation and cleanup. *See* 42 U.S.C. § 9605.

Since 1995, John C. Kitchin, Jr., has owned property in Bridgeton, Missouri adjacent to the West Lake Landfill, where his family owns and operates the North West Auto Body Company. Mary Menke also owns property in Bridgeton, Missouri near the landfill. After learning in 2017 and 2018 that their properties were contaminated with radioactive material, Kitchin, North West Auto Body Company, and Menke ("Plaintiffs") filed a class-action complaint in Missouri state court against Bridgeton Landfill, LLC; Republic Services, Inc.; Allied Services, LLC; and Rock Road Industries, Inc. ("Defendants"). In their complaint, Plaintiffs alleged that Defendants "owned and/or operated" the West Lake Landfill and were responsible for the contamination of Plaintiffs' property, which Plaintiffs claimed occurred due to Defendants' allegedly improper acceptance and handling of radioactive waste at the landfill. Plaintiffs sought to represent two different subclasses consisting of Missouri citizens who either owned or resided on property within an eleven-square-mile region around the West Lake Landfill. The complaint asserted seven state-law

---

[1]The factual background in the first two paragraphs here is taken from the complaint and, where the complaint is vague, from Appellants' notice of removal.

tort claims and sought compensatory damages, punitive damages, and injunctive relief.

It is undisputed here that, of the Defendants, only Rock Road Industries was a citizen of Missouri at the time Plaintiffs filed their complaint. Shortly after Plaintiffs filed their complaint, however, Rock Road Industries merged into Bridgeton Landfill, with Bridgeton Landfill being the surviving entity.

Appellants then removed the action to federal court. As grounds for removal, Appellants claimed that federal-question jurisdiction existed under the Price-Anderson Act ("PAA"), 42 U.S.C. § 2011 *et seq.*, as well as the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9601 *et seq.*, and they asserted that diversity jurisdiction existed under CAFA, 28 U.S.C. § 1332(d)(2). Plaintiffs moved to remand, arguing that their complaint did not trigger federal-question jurisdiction under either the PAA or CERCLA and that the district court had to "decline to exercise [CAFA] jurisdiction" because CAFA's local-controversy exception applied. *See* 28 U.S.C. § 1332(d)(4). The district court agreed, concluding that federal-question jurisdiction did not exist and that the local-controversy exception applied, so it granted Plaintiffs' motion to remand. On appeal, Appellants challenge the district court's application of the local-controversy exception.

## II.

Before proceeding to the merits, first we must address Plaintiffs' claim that we lack jurisdiction over this appeal. *See, e.g.*, *Arnold Crossroads, L.L.C. v. Gander Mountain Co.*, 751 F.3d 935, 938 (8th Cir. 2014) ("Our first consideration on review is whether we have appellate jurisdiction over [the defendant's] appeal of the district court's remand order."). Under 28 U.S.C. § 1291, we typically have appellate jurisdiction over final decisions and certain collateral orders of the district courts. *See Dig. Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 867 (1994). Apparently presuming that the district court's remand order is not a final decision, Plaintiffs

argue that we lack appellate jurisdiction under § 1291 because the remand order is not an appealable collateral order. *See Quackenbush v. Allstate Ins.*, 517 U.S. 706, 712 (1996) (discussing the collateral-order doctrine). Seemingly in the alternative, they also contend that 28 U.S.C. § 1453(c), a CAFA-specific grant of permissive appellate jurisdiction over remand orders, was Appellants' "only . . . pathway for appellate review" of the district court's remand order, which we closed off when we previously denied Appellants permission to appeal under § 1453(c).

Our precedent forecloses these arguments. In *Jacks v. Meridian Resource Co.*, we held that a remand order was both "final and appealable as a collateral order under § 1291" insofar as it was based on the district court's determination that the local-controversy exception applied. 701 F.3d 1224, 1229 (8th Cir. 2012) (citing *Quackenbush*, 517 U.S. at 711-14). And, after recognizing that we had previously denied the appellants permission to appeal under § 1453(c), we nevertheless proceeded to address their separately filed § 1291 appeal, concluding that we had jurisdiction under § 1291 to review the district court's application of the local-controversy exception. *Id.* at 1128 n.2, 1229; *see also Hunter v. City of Montgomery*, 859 F.3d 1329, 1334 & n.3 (11th Cir. 2017) (explaining that § 1291 provides "an alternative basis for appellate jurisdiction" in addition to § 1453(c) to review remand orders based on CAFA's exceptions). Therefore, *Jacks* provides that we have jurisdiction under § 1291 over this appeal.

Accordingly, we proceed to the merits.

## III.

The sole issue on appeal is whether CAFA's local-controversy exception requires remand in this case, as the district court found. We review this issue *de novo*. *Graphic Commc'ns Local 1B Health & Welfare Fund A v. CVS Caremark Corp.*, 636 F.3d 971, 973 (8th Cir. 2011); *Opelousas Gen. Hosp. Auth. v. FairPay Sols., Inc.*, 655 F.3d 358, 360 (5th Cir. 2011).

-4-

CAFA gives federal district courts subject-matter jurisdiction over class actions like this one, where the parties are minimally diverse (meaning any class member and any defendant are citizens of different states), all proposed plaintiff classes include at least 100 members in total, and the amount in controversy exceeds $5,000,000. *See Westerfeld v. Indep. Processing, LLC*, 621 F.3d 819, 822 (8th Cir. 2010) (citing 28 U.S.C. § 1332(d)).  Under CAFA's local-controversy exception, however, a federal district court "shall decline to exercise jurisdiction":

> (i) over a class action in which—
>> (I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;
>> (II) at least 1 defendant is a defendant—
>>> (aa) from whom significant relief is sought by members of the plaintiff class;
>>> (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and
>>> (cc) who is a citizen of the State in which the action was originally filed; and
>> (III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and
> (ii) during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons . . . .

28 U.S.C. § 1332(d)(4)(A).

Although the exception is an abstention doctrine rather than a jurisdictional rule, *Graphic Commc'ns*, 636 F.3d at 973, it is mandatory, *Westerfeld*, 621 F.3d at 822.  The party seeking remand on this basis has the burden to establish that the exception applies.  *Westerfeld*, 621 F.3d at 822.  And, given that the exception's provisions are listed in the conjunctive, *see Erdahl v. Comm'r*, 930 F.2d 585, 591 n.8 (8th Cir. 1991), the proponent of remand must show that each provision is met in order to trigger mandatory abstention, *see, e.g.*, *Atwood v. Peterson*, 936 F.3d 835,

841 & n.5 (8th Cir. 2019) (per curiam); *Opelousas*, 655 F.3d at 361; *Coleman v. Estes Express Lines, Inc.*, 631 F.3d 1010, 1013 (9th Cir. 2011).  In considering whether the party seeking remand has met this burden, we must bear in mind that the "language and structure of CAFA" indicate that Congress contemplated broad federal court jurisdiction, *see Westerfeld*, 621 F.3d at 822, and that the local-controversy exception is a "narrow," nonjurisdictional exception to CAFA's grant of jurisdiction, *see Hargett v. RevClaims, LLC*, 854 F.3d 962, 965 (8th Cir. 2017); *Graphic Commc'ns*, 636 F.3d at 973.  Thus, "any doubt about the applicability of CAFA's local-controversy exception" must be resolved against the party seeking remand and in favor of retaining jurisdiction over the case.  *Westerfeld*, 621 F.3d at 823.  After all, "federal courts 'have a strict duty to exercise the jurisdiction that is conferred upon them by Congress,'" abstention is an "'extraordinary and narrow exception' to that duty," and thus "only the 'clearest of justifications' will justify abstention." *Mason v. Lockwood, Andrews & Newnam, P.C.*, 842 F.3d 383, 397 (6th Cir. 2016) (Kethledge, J., dissenting) (quoting first *Quackenbush*, 517 U.S. at 716, then *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976), then *Rouse v. DaimlerChrysler Corp.*, 300 F.3d 711, 715 (6th Cir. 2002)) (discussing the local-controversy exception).

Appellants argue that Plaintiffs failed to show that any subpart of § 1332(d)(4)(A)(i)(II)—the significant-relief requirement (subpart (aa)), the significant-basis requirement (subpart (bb)), or the local-defendant requirement (subpart (cc))—is met in this case.  For the following reasons, we agree that Plaintiffs failed to carry their burden to show that the conduct of Rock Road Industries—the only Missouri-citizen defendant and thus the only possible "local defendant" for purposes of these requirements—"forms a significant basis for the claims asserted" in the complaint.  *See* § 1332(d)(4)(A)(i)(II)(bb).[2]

---

[2]As this conclusion suffices to reverse, we do not address whether Plaintiffs established that they sought significant relief from Rock Road Industries or that the now-nonexistent Rock Road Industries "is" a Missouri citizen for purposes of the exception.  *See, e.g.*, *Atwood*, 936 F.3d at 841 & n.5.

-6-

A.

Under the significant-basis requirement, the party seeking remand must show that a local defendant's "alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class." § 1332(d)(4)(A)(i)(II)(bb).  The district court observed that Plaintiffs alleged in their complaint that Defendants "all engaged in the same conduct" that caused Plaintiffs' claimed injuries, and it concluded that these allegations demonstrated that Rock Road Industries' conduct forms a significant basis for Plaintiffs' claims.  We agree that, with rare exception, *see infra* Section III.B., Plaintiffs simply alleged that "Defendants" engaged in conduct causing Plaintiffs' injuries without identifying specific acts of each defendant or otherwise parsing out in any meaningful way Rock Road Industries' particular, injury-causing conduct.  But we disagree that these collective allegations against Defendants suffice to show that Rock Road Industries' conduct meets the significant-basis requirement.

"CAFA itself does not describe the type or character of conduct that would form a 'significant basis' of plaintiffs' claims . . . ." *Woods v. Standard Ins.*, 771 F.3d 1257, 1265 (10th Cir. 2014).  That said, in *Westerfeld*, we adopted the Third Circuit's comparative approach to analyzing this issue.  621 F.3d at 825 (following *Kaufman v. Allstate N.J. Ins.*, 561 F.3d 144 (3d Cir. 2009)).  In *Kaufman*, the Third Circuit reasoned that, "[i]n relating the local defendant's alleged conduct to all the claims asserted in the action, the significant basis provision effectively calls for comparing the local defendant's alleged conduct to the alleged conduct of all the Defendants."  561 F.3d at 156.  Thus, deciding whether the significant-basis requirement is met "requires a substantive analysis comparing the local defendant's alleged conduct to the alleged conduct of all the Defendants."  *Id.*  Given the plain meaning of "significant," this comparative approach requires that the party seeking remand show that the local defendant's conduct is "an *important* ground for the asserted claims in view of the alleged conduct of all the Defendants."  *Id.* at 157; *see also* "Significant," *Black's Law Dictionary* (11th ed. 2019) (defining "significant" to mean "[o]f special importance; momentous").

-7-

Since the time we followed *Kaufman* in *Westerfeld*, other circuits have done the same. *E.g.*, *Mason*, 842 F.3d at 395-96 (majority opinion); *Benko v. Quality Loan Serv. Corp.*, 789 F.3d 1111, 1118 (9th Cir. 2015); *Woods*, 771 F.3d at 1266; *Opelousas*, 655 F.3d at 361. Even so, courts applying this approach have split regarding what it requires. Some courts, like the district court here, have adopted the view that allegations that the local and nonlocal defendants "all engaged in the same conduct" suffice to show that the local defendant's conduct meets the significant-basis requirement. *See, e.g.*, *City of O'Fallon v. CenturyLink, Inc.*, 930 F. Supp. 2d 1035, 1049-51 (E.D. Mo. 2013) (citing *Coleman*, 631 F.3d at 1020).

In *Atwood*, however, we joined a number of courts taking the opposite view and found that a complaint that did "not allege any substantive distinctions between the conduct" of the local and nonlocal defendants failed to "indicate whether the local defendants' alleged conduct is 'an *important* ground for the asserted claims in view of the alleged conduct of all the Defendants.'" 936 F.3d at 840 (quoting *Westerfeld*, 621 F.3d at 825); *see also Opelousas*, 655 F.3d at 359, 362-63 (finding that the significant-basis requirement was not met where "nothing in the complaint distinguishe[d] the conduct of [the local defendant] from the conduct of the other defendants" and requiring "more detailed allegations or extrinsic evidence detailing the local defendant's conduct in relation to the out-of-state defendants" to meet the requirement); *accord White Knight Diner, LLC v. Arb. Forums, Inc.*, No. 4:17-CV-02406 JAR, 2018 WL 398401, at *5 (E.D. Mo. Jan. 12, 2018); *Johnson v. Courtyard Rehab. & Health Ctr., LLC*, No. 17-CV-01053, 2018 WL 4183246, at *4-5 (W.D. Ark. Jan. 8, 2018); *Green v. Skyline Highland Holdings LLC*, No. 4:17-CV-00534 BSM, 2017 WL 6001498, at *3 (E.D. Ark. Dec. 4, 2017); *cf. Mason*, 842 F.3d at 399-400 (Kethledge, J., dissenting) (asserting that the plaintiffs' allegations, in which the local and nonlocal defendant were referred to jointly by a collective noun that was "the subject of every verb describing conduct allegedly forming the basis of the plaintiffs' claims," did not satisfy the significant-basis requirement); *Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1167 (11th Cir. 2006) (finding that the significant-basis requirement was not met because the evidence proffered to make

-8-

this showing gave "no insight" into the local defendant's comparative "role in the alleged contamination").  Under *Atwood*, "CAFA removal is not foreclosed by [a] complaint's conclusory allegations that the local defendants engaged in the same conduct as the [nonlocal] defendant."  936 F.3d at 840-41 (disagreeing with the "rulings to the contrary" in *Coleman*, 631 F.3d 1010).

Thus, following *Atwood*, the district court's reasoning—that Plaintiffs' allegations of how Defendants "all engaged in the same conduct" suffice to satisfy the significant-basis requirement—contravenes the law of this circuit.  If "nothing in the complaint distinguishes the conduct of [Rock Road Industries] from the conduct of the other defendants," *Opelousas*, 655 F.3d at 362, then the allegations in the complaint do not satisfy the significant-basis requirement.  Such collective allegations leave "doubt" about the comparative significance of Rock Road Industries' conduct, preventing remand under the local-controversy exception.  *See Westerfeld*, 621 F.3d at 823.

## B.

Besides defending the district court's reasoning, Plaintiffs also point out that they "*do* make different allegations" about Rock Road Industries' conduct compared to the other defendants' conduct.  They call our attention to four sentences in three paragraphs of their 199-paragraph complaint that specifically mention Rock Road Industries, and they contend that these allegations suffice to establish that Rock Road Industries' conduct is "significant" for CAFA purposes.  We disagree.

The first allegation is that "Rock Road Industries, Inc. . . . owned or owns the West Lake Landfill."  But in corresponding allegations about the other defendants, Plaintiffs alleged that Bridgeton Landfill also owns the West Lake Landfill; that Allied Services "operates . . . [the] West Lake Landfill[]"; and that Republic Services "owns, oversees, and directs the environmental decisions and conduct" of the other three defendants "and operates the . . . West Lake Landfill[]."  Particularly because Plaintiffs' claims largely are predicated on how Defendants have managed

-9-

and operated the landfill, we fail to see how this allegation shows that Rock Road Industries' conduct is "an *important* ground for the asserted claims in view of the alleged conduct of all the Defendants." *See Westerfeld*, 621 F.3d at 825.  If anything, the allegation that Republic Services "owns, oversees, and directs the environmental decisions and conduct" of Rock Road Industries as well as the other two defendants suggests the opposite.  *See Atwood*, 936 F.3d at 838, 840-41 (concluding that a local defendant's conduct was not "significant" because extrinsic evidence showed that the local defendant's injury-causing conduct was mandated by the nonlocal defendant); *Mason*, 842 F.3d at 400 (Kethledge, J., dissenting) (concluding the same in light of similar allegations in the complaint at issue there).

The second allegation is that "[t]his lawsuit arises out of damages that resulted from Rock Road Industries, Inc.'s acts and omissions within the State of Missouri." But the complaint contains verbatim allegations about the other three defendants. Nothing about this allegation "distinguishes the conduct of [Rock Road Industries] from the conduct of the other defendants."  *See Opelousas*, 655 F.3d at 362.  To the contrary, this cut-and-paste approach illustrates how Plaintiffs' complaint fails to differentiate meaningfully between Rock Road Industries' conduct and the other defendants' conduct.

The third allegation is that "Rock Road Industries has maintained daily operational and managerial control over the management and environmental decisions of the West Lake Landfill, decisions which gave rise to the violations of law and damage to property alleged in this [complaint]."  But in corresponding allegations about the other three defendants, the complaint includes materially identical allegations about their conduct.  To the extent these parallel allegations differ, they do so because Plaintiffs alleged more about the other defendants' conduct than they did about Rock Road Industries' conduct.  Thus, any "substantive distinctions" revealed by these allegations undermine rather than support the conclusion that Rock Road Industries' conduct "forms a significant basis for [Plaintiffs'] claim[s]."  *See Atwood*, 936 F.3d at 840.

-10-

The fourth allegation is that Rock Road Industries is a Missouri citizen "whose conduct forms a significant basis" for Plaintiffs' claims. This allegation, parroting the language of the significant-basis requirement, is a legal conclusion. *See* § 1332(d)(4)(A)(i)(II)(bb). Ordinarily, in determining the sufficiency of a pleading, "we need not accept as true a plaintiff's conclusory allegations or legal conclusions drawn from the facts." *Glick v. W. Power Sports, Inc.*, 944 F.3d 714, 717 (8th Cir. 2019). We see no reason to depart from that rule in this context, particularly because we already have rejected the idea that "conclusory allegations" can suffice to satisfy the significant-basis requirement, *Atwood*, 936 F.3d at 841, and because the Supreme Court has admonished against adopting rules in the CAFA context that would "exalt form over substance," *Standard Fire Ins. v. Knowles*, 568 U.S. 588, 595 (2013); *cf. Woods*, 771 F.3d at 1265 ("[W]e interpret the significant local defendant requirement strictly so that plaintiffs and their attorneys may not defeat CAFA jurisdiction by routinely naming at least one state citizen as a defendant, irrespective of whether that defendant is actually a primary focus of the litigation."). Thus, this pleaded legal conclusion does not establish that Rock Road Industries' conduct forms a significant basis for Plaintiffs' claims. *See Atwood*, 936 F.3d at 840.

## C.

Finally, going beyond the allegations in their complaint, Plaintiffs invite us to take judicial notice of the EPA's 2018 Amended Record of Decision concerning the West Lake Landfill and a 1993 Consent Order referred to in that document. They argue that these materials, showing that the EPA deemed Rock Road Industries (along with three other entities) a "potentially responsible party" ("PRP") for cleaning up the landfill under CERCLA, demonstrate that Rock Road Industries' conduct meets the significant-basis requirement. *See Atwood*, 936 F.3d at 840 (holding that extrinsic evidence may be considered in determining whether the significant-basis requirement is met). Even assuming that we may take judicial notice of and consider this factual material seemingly presented for the first time on appeal, *but see Kohley v. United States*, 784 F.2d 332, 334 (8th Cir. 1986) (per curiam), we do not find that these materials carry Plaintiffs' burden.

-11-

Under CERCLA, "even parties not responsible for contamination may fall within the broad definitions of PRPs" in 42 U.S.C. § 9607(a)(1)-(4), *United States v. Atl. Rsch. Corp.*, 551 U.S. 128, 136 (2007), and "a party that falls within any of the four PRP categories of [§ 9607(a)] may be held jointly and severally liable by the government for the entire cost of a cleanup, even if the party is 'innocent' in the sense that it did not contribute to the pollution at the site," *Solutia, Inc. v. McWane, Inc.*, 726 F. Supp. 2d 1316, 1331 (N.D. Ala. 2010).  The four PRP categories in § 9607(a) are (1) current owners or operators of a waste facility, (2) any previous owner or operator of a waste facility during any time in which hazardous substances were disposed of at the waste facility, (3) any person who arranged for disposal or treatment of hazardous substances at a waste facility, and (4) any person who transported hazardous substances to a waste facility.

The 2018 Amended Record of Decision simply indicates that Rock Road Industries was designated a PRP; it does not explain why.  In light of the fact that even an "innocent" party can be designated a PRP, *Solutia*, 726 F. Supp. 2d at 1331, this designation without more does not demonstrate, and certainly not beyond "doubt," that Rock Road Industries' conduct forms a significant basis for Plaintiffs' claims, *see Westerfeld*, 621 F.3d at 823.

In contrast, the 1993 Consent Order does suggest why the EPA designated Rock Road Industries a PRP, but the information it contains on this point does not carry Plaintiffs' burden.  In that order, the EPA designated four entities as PRPs: Rock Road Industries; Laidlaw Waste Systems (Bridgeton), Inc., which later merged into Bridgeton Landfill; Cotter Corporation; and the Department of Energy.  Notably, while the EPA indicated that Cotter Corporation and the Department of Energy were designated PRPs because they arranged for the disposal of the radioactive waste at the landfill, *see* § 9607(a)(3), and it indicated that Bridgeton Landfill's predecessor was designated a PRP because it was an owner or operator of the landfill at the time of the disposal, *see* § 9607(a)(2), all it said about Rock Road Industries' PRP designation was that Rock Road Industries was "a current owner" of the landfill, *see* § 9607(a)(1).  But a "current owner" can be designated a PRP

-12-

under § 9607(a)(1) "without regard to causation." *New York v. Shore Realty Corp.*, 759 F.2d 1032, 1044 (2d Cir. 1985); *see also Canadyne-Ga. Corp. v. NationsBank, N.A. (S.)*, 183 F.3d 1269, 1275 (11th Cir. 1999) ("[T]he owner of land is directly liable under CERCLA, regardless of whether he or she caused or contributed to the release of hazardous substances there."). Thus, the reason for Rock Road Industries' designation as a PRP leaves open the possibility, particularly when contrasted with the reasons provided for the other entities' designations as PRPs, that the EPA deemed Rock Road Industries a PRP even though its conduct ostensibly giving rise to Plaintiffs' claims was not "significant" for purposes of the local-controversy exception. Thus, the 1993 Consent Order also does not demonstrate, and again certainly not beyond "doubt," that Rock Road Industries' conduct forms a significant basis for Plaintiffs' claims. *See Westerfeld*, 621 F.3d at 823.

*       *       *

In sum, Plaintiffs' allegations that Defendants all engaged in the same conduct giving rise to Plaintiffs' claims do not satisfy the significant-basis requirement. The few allegations in Plaintiffs' complaint that refer specifically to Rock Road Industries and its conduct also fail to satisfy this requirement. And the extrinsic evidence Plaintiffs call our attention to does not carry their burden to show this requirement is satisfied. Accordingly, the local-controversy exception does not apply in this case, and the district court erred in concluding otherwise.

## IV.

For the foregoing reasons, we reverse the district court's order remanding this action back to state court, and we remand for further proceedings.

STRAS, Circuit Judge, concurring in the judgment.

The court's conclusion is the right one, but I would follow a simpler route to get there. Under the local-controversy exception, "[a] district court shall decline to

-13-

exercise jurisdiction" if, among other requirements, "at least 1 defendant is a defendant . . . who is a citizen of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(A)(i)(II)(cc).  The only Missouri citizen that has ever been a defendant is Rock Road Industries, Inc.  But between the time this case was filed and when it was removed to federal court, Rock Road merged with another company and ceased to exist as a separate entity.  This unusual set of facts leads to a straightforward question: when must there be a local defendant, at the time of initial filing or at the time of removal?

The text provides the answer.  It twice uses the present-tense verb "is," *id.*, and "the present tense generally does not include the past," *Carr v. United States*, 560 U.S. 438, 448 (2010).  So what matters is whether a local defendant exists when the district court "exercise[s] jurisdiction," which happens at the time of removal in cases like this one, not at initial filing.  28 U.S.C. § 1332(d)(4)(A); *see Kaufman v. Allstate N.J. Ins.*, 561 F.3d 144, 153 (3d Cir. 2009) ("[T]he local controversy exception requires consideration of the defendants presently in the action.").  Indeed, when filing is the focus, the statute drives that point home, either explicitly or by using the past tense.  *See, e.g.*, 28 U.S.C. § 1332(d)(4)(A)(i)(II)(cc), (4)(A)(ii), (7) (referring to "the State in which the action *was* originally filed," requiring that no overlapping class actions have been filed "during the 3-year period *preceding the filing* of th[is] class action," and specifying that plaintiffs' citizenship generally "shall be determined . . . *as of the date of filing* of the complaint or amended complaint" (emphasis added)).

All signs, in other words, point to evaluating the defendants' citizenship under the local-controversy exception at the time of removal.  *Cf. Mansfield, Coldwater & Lake Mich. Ry. v. Swan*, 111 U.S. 379, 381–82 (1884) (stating that "the difference of citizenship on which the right of removal depends must have existed . . . *at the time of the removal*" (emphasis added)).  By then, Rock Road was gone and there was no one left to fill the role of "a defendant . . . who is a citizen of the State in which the action was originally filed."   28 U.S.C. § 1332(d)(4)(A)(i)(II)(cc).

-14-

Without a local defendant, there is no local controversy, so I agree that this case must remain in federal court.

_____

# United States Court of Appeals
### *For The Eighth Circuit*
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Room 24.329
### St. Louis, Missouri 63102

**Michael E. Gans**
*Clerk of Court*

**VOICE (314) 244-2400**
**FAX (314) 244-2780**
**www.ca8.uscourts.gov**

July 08, 2021

West Publishing
Opinions Clerk
610 Opperman Drive
Building D D4-40
Eagan, MN 55123-0000

RE:  19-2072  John Kitchin, et al v. Bridgeton Landfill, et al

Dear Sirs:

A published opinion was filed today in the above case which was re-argued before the panel on January 14, 2021.

Counsel who presented argument on behalf of the appellant and appeared on the brief was William Garland Beck, of Kansas City, MO. The following attorneys also appeared on the appellant brief; Peter Flint Daniel, of Kansas City, MO., Allyson Elisabeth Cunningham, of Kansas City, MO., Patricia L. Silva, of Saint Louis, MO.

Counsel who presented argument on behalf of the appellee and appeared on the brief was Ryan A. Keane, of Saint Louis, MO. The following attorneys appeared on the appellee brief;  Nathaniel R. Carroll, of Saint Louis, MO., Anthony D. Gray, of Clayton, MO., Barry J. Cooper, Jr., of New Orleans, LA., Stuart H. Smith, of New Orleans, LA., Celeste Brustowicz, of New Orleans, LA.,  Victor T. Cobb, of New Orleans, LA.

The judge who heard the case in the district court was Honorable Catherine D Perry. The judgment of the district court was entered on May 8, 2019.

If you have any questions concerning this case, please call this office.

Michael E. Gans
Clerk of Court

ALK

Enclosure(s)

cc:  MO Lawyers Weekly

District Court/Agency Case Number(s):  4:18-cv-00672-CDP