**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI EASTERN
DIVISION**

| | | |
|---|---|---|
| JOHN C. KITCHIN, JR., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Case No.  4:18-cv-00672-CDP |
| BRIDGETON LANDFILL, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM IN SUPPORT OF
MOTION FOR JUDGMENT ON THE PLEADINGS**

Pursuant to Federal Rule of Civil Procedure 12(c), Defendants Bridgeton Landfill, LLC,

Allied Services, LLC, and Republic Services, Inc. ("Defendants") respectfully seek judgment on the

pleadings for the state law causes of action alleged in Plaintiffs' First Amended Class Action Petition,

ECF No. 13 ("Complaint"), since those claims are preempted by the Price Anderson Act ("PAA" or

the "Act").  Plaintiffs' state law claims must be dismissed because Plaintiffs allege public liability

arising from a nuclear incident resulting from Manhattan Project radioactive source material.

Liability for these claims is preempted by the PAA, which provides the sole avenue for recovery for

all claims stemming from public liability for nuclear incidents.  Plaintiffs' attempt to circumvent PAA

preemption by expressly disclaiming an action under the PAA fails as a matter of law, since it is their

factual allegations—not the legal arguments within their Complaint—that make these claims subject

to the PAA

First, as this Court has recognized, the Eighth Circuit recently held in separate but related

actions by counsel for Plaintiffs here, "the particular facts upon which these Westlake Landfill

radioactive-contamination cases are based fall within the PAA's definition of a 'nuclear incident' and

thus are actionable under the PAA." *Dailey v. Bridgeton Landfill, LLC, et al.,* No. 4:22-CV-116-CDP, ECF No. 29 at 2 (E.D. Mo. Feb. 22, 2022) (*citing In re Cotter Corp., (N.S.L.)*, 22 F.4th 788 (8th Cir. 2022)).  Second, Plaintiffs' own allegations in their Complaint allege public liability resulting from a nuclear incident under the PAA.  Third, this Court in related litigation, like most courts to address the issue, found that the PAA preempts a public liability action, even when plead as a state law cause of action, based on the Act's preemption of the field of nuclear safety regulation and conflicting elements of state law claims and a federal PAA cause of action.  Because the PAA preempts Plaintiffs' claims, and Plaintiffs not only fail to plead a PAA claim, but expressly disclaim recovery under the PAA, Defendants respectfully move for an order granting judgment on the pleadings.[1]

## I.    ALLEGATIONS IN PLAINTIFFS' COMPLAINT

Plaintiffs allege that, from 1942 to 1957, uranium ore was processed in downtown St. Louis City in association with the Manhattan Project.  Compl. at ¶¶ 1, 61.  Plaintiffs characterize the Manhattan Project as "the U.S. research project designed to develop the first nuclear weapons."  Compl. at ¶ 61.  Plaintiffs allege that, since World War II, the federal government and private parties have worked in processing, handling, and storing radioactive materials in the St. Louis area.  Compl. at ¶ 1.  Specifically, Plaintiffs allege that, in the late 1940s, the Manhattan Project acquired a 21.7-acre tract of land near the Lambert airport to store radioactive materials from the operations at a site in downtown St. Louis.  Compl. at ¶ 63.  Plaintiffs further allege that, in the 1960s, some of the radioactive materials stored at the airport site were moved to a storage site on Latty Avenue in Hazelwood, Missouri.  Compl. at ¶ 65.  Plaintiffs allege that this radioactive material was disposed at the West Lake Landfill and that those same radioactive materials are the cause of their alleged

---

[1] In the alternative, Rule 15 provides the opportunity for Plaintiffs to amend their pleading with the opposing party's consent or by leave of court. Fed. R. Civ. P. 15(a).

damages.  Compl. at ¶¶ 1, 66, 112.  Plaintiffs leave no doubt that their alleged damages arise out of "radioactive contamination of Plaintiffs' Property" based on the radioactive, toxic, or other hazardous properties of uranium ore and other covered materials.  Compl. at ¶¶ 1, 61-66, 114.

Yet, Plaintiffs also allege throughout their Complaint that they "do not allege any causes of action arising under any laws of the United States."  Compl. at ¶ 16.  In fact, Plaintiffs openly disavow any claims under the PAA, stating: "Plaintiffs' claims do not fall within the scope of the Price-Anderson Act."  Compl. at ¶ 18.  Specifically, Plaintiffs allege that they do not make claims under the PAA for three reasons: (1) "[t]he landfill never received a license to possess, transport, or dispose of any radioactive wastes;" (2) "Defendants have never entered into an indemnification agreement with the United States government under 42 U.S. § 2210 with respect to the complained activities," and (3) "no occurrences that form the basis for this suit rise to the level of a nuclear incident . . . and do not implicate the Price Anderson Act . . . ."  Compl. at ¶¶ 18, 19.  These allegations do not usurp the federal court of its rightful jurisdiction over this case or change the applicability of the PAA to these claims. As illustrated below, based on binding Eighth Circuit precedent, Plaintiffs allege public liability against these Defendants, and their claims are governed by the PAA, which preempts Plaintiffs' state law claims.

## II.    LEGAL STANDARD

After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings.  Fed. R. Civ. P. 12(c).  A motion for judgment on the pleadings under Rule 12(c) is evaluated under the same standards that govern motions to dismiss under Rule 12(b)(6). *See Clemons v. Crawford*, 585 F.3d 1119, 1124 (8th Cir. 2009); *Occidental Fire & Casualty Company of North Carolina v. Bush*, 2020 WL 2733811 at *3, No. 19-CV-67-CDP (E.D. Mo. May 26, 2020).  In reviewing a motion for judgment on the pleadings, a court will consider the factual

3

allegations of the complaint as true but will grant the motion if "the moving party has clearly established that no material issue of fact remains and [it] is entitled to judgment as a matter of law." *Occidental Fire & Casualty Company of North America*, 2020 WL 2733811 at *3, No. 19-CV-67-CDP (E.D. Mo. May 26, 2020) (*citing Waldron v. Boeing Co.*, 388 F.3d 591, 593 (8th Cir. 2004)).

Whether a claim is preempted is a question of law that a court may decide through a motion for judgment on the pleadings. *See, e.g., Brinkley v. Pfizer, Inc.*, 772 F.3d 1133 (8th Cir. 2014) (affirming district court's grant of judgment on the pleadings after Supreme Court decision holding federal law preempts state tort law claims based on drug manufacturers' failure to warn). In the instant case, there is no material issue of fact remaining because Plaintiffs allege a public liability action arising out of a nuclear incident, but disclaim any cause of action under the PAA, their only avenue for recovery. Because Plaintiffs cannot maintain their state law theories of the case, judgment on the pleadings is warranted.

## III.   ARGUMENT

Plaintiffs' allegations in their Complaint admittedly arise out of and result from Manhattan Project radioactive source material that Cotter possessed at Latty Avenue and that was deposited at the West Lake Landfill. Under binding Eighth Circuit precedent, the PAA governs their claims. The PAA preempts Plaintiffs' state law theories of their case, replacing them with a federal cause of action. Because Plaintiffs do not plead this federal cause of action, and actually disclaim recovery under the PAA, Defendants are entitled to judgment as a matter of law.

### A.  The Price Anderson Act Creates Broad Original Jurisdiction and a Federal Cause of Action.

In 1957 Congress passed the PAA by amending the Atomic Energy Act of 1954, seeking to encourage private sector involvement in the development of atomic energy. 42 U.S.C. § 2012(i). Facing liability concerns from the private sector in the event of a nuclear incident, Congress sought a

4

comprehensive federal program of statutory protection of the public, while encouraging development of the atomic nuclear industry.  *See, e.g., Duke Power Co. v. Carolina Envtl. Study Grp., Inc.*, 438 U.S. 59, 63-64, 98 S.Ct. 2620 (1978).

In 1988, Congress amended the PAA to extend the Act's exclusive federal jurisdiction and federal cause of action for any "public liability" arising from any "nuclear incident," thus significantly extending the reach of preemptive federal jurisdiction.  42 U.S.C. § 2210(n)(2) ("[w]ith respect to any public liability action arising out of or resulting from a nuclear incident, the United States district court in the district where the incident takes place ... shall have original jurisdiction without regard to the citizenship of any party or the amount in controversy.").  *See, e.g., El Paso Natural Gas Co. v. Neztsosie*, 526 U.S. 473, 477, 119 S.Ct. 1430 (1999).  Under the terms of the 1988 amendments, a "public liability action" is "any suit asserting any public liability," 42 U.S.C. § 2014(hh), and "[p]ublic liability" is "*any legal liability* arising out of or resulting from a nuclear incident." 42 U.S.C. § 2014(w) (emphasis added).  Congress broadly defined "nuclear incident" as, "any occurrence, including an extraordinary nuclear occurrence within the United States causing . . . bodily injury, sickness, disease, or death, or loss of or damage to property, or loss of use of property, arising out of or resulting from the radioactive, toxic, explosive, or other hazardous properties of source, special nuclear, or byproduct material . . . ."  42 U.S.C. § 2014(q).

A panel for the Eighth Circuit recently incorporated these definitions, stating that a "'nuclear incident' means something that takes place within the United States, causing bodily injury or property damage, and arising out of the 'properties of source, special nuclear, or byproduct material.'" *In re Cotter*, 22 F.4th at 794 (*citing* 42 U.S.C. §2014(q)). The PAA applies "broadly to any event causing bodily or property damage from nuclear material, rather than a narrow category of nuclear catastrophes."  *In re Cotter*, 22 F.4th at 795.  Further, in the *In re Cotter* decision, the Eighth

Circuit clarified that a license or indemnification agreement is not a prerequisite for PAA application. *In re Cotter*, 22 F.4th at 793; *see also Estate of Ware v. Hosp. of the Univ. of Penn*, 871 F.3d 273, 283 (3d Cir. 2017); *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 341 (5th Cir. 2000).

**B. Plaintiffs Allege Public Liability under the Price Anderson Act.**

Thus, if Plaintiffs allege any "loss of or damage to property, or loss of use of property" "arising out of or resulting from the radioactive, toxic, explosive, or other hazardous properties of source, special nuclear, or byproduct material," their Complaint alleges a "nuclear incident" within the meaning of the PAA.  Here, the factual allegations in Plaintiffs' Complaint fall within the definition of a nuclear incident, and thus allege public liability under the PAA.

 First, Plaintiffs allege property damage or loss of use of property.  In their Complaint, Plaintiffs allege that the Northwest Auto Body property and Menke property are contaminated by radioactive material.  Compl. at ¶ 106.  They further allege that such contamination will cause "irreparable harm" to their properties.  Compl. at ¶ 115.  Alleging causes of action in trespass, permanent nuisance, temporary nuisance, negligence, negligence per se, and strict liability, Plaintiffs allege that their properties were contaminated with radioactive material, and they suffered injury based on this alleged contamination.  *See*, Compl. at ¶¶127, 141, 152, 164, 174, 180.

Second, Plaintiffs allege that such damages arose out of the radioactive or other hazardous properties of uranium ores processed in downtown St. Louis City, transported to the St. Louis Airport Site and then to Latty Avenue, and finally to the West Lake Landfill.  Compl. at ¶¶ 1, 61-63, 66. Plaintiffs specifically allege that "a government contractor began processing uranium ores in downtown St. Louis City" and that the "radioactive wastes resulting from the processing of these ores" caused their alleged property damage.  Compl. at ¶¶ 1, 127, 141, 152, 164, 174, 180.  Plaintiffs specifically cite the alleged "hazardous, toxic, carcinogenic, radioactive" properties of these source

materials throughout their Complaint.  *Id.*  The term "radioactive" is used 172 times in their Complaint.

Third, Plaintiffs' allegations of loss or damage to property arising out of or resulting from the radioactive, toxic, or other hazardous properties of the materials are specific to the source material deposited at the West Lake Landfill.  Source material includes at least "uranium or thorium, or any combination thereof, in any physical or chemical form."  10 C.F.R. § 40.4.  Throughout Plaintiffs' Complaint, they allege that uranium ores were the original materials processed at the downtown St. Louis site and transported to the St. Louis Airport site, to Latty Avenue, and ultimately to the West Lake Landfill.  Compl. at ¶ 1, 61-63.  Plaintiffs specifically allege that "the areas around the West Lake and Bridgeton Landfills . . . are contaminated with the same radioactive wastes generated in the processing of uranium ores in the St. Louis area."  Compl. at ¶ 4.  *See also* Compl. at ¶ 53 (noting radiation from the decay of radioactive materials used in nuclear and atomic processes, such as uranium, is one cause of their alleged injuries).

Further, even if Plaintiffs had not admitted in their Complaint that the materials allegedly causing their damage include uranium—by definition a source material—the Eighth Circuit considered arguments from counsel for these Plaintiffs on the nature of the radioactive materials generated from the St. Louis downtown site in the *In re Cotter* case and held that ". . . the PAA provides federal question jurisdiction over the claims . . . ."  *In re Cotter*, 22 F.4th at 796 (analyzing allegations regarding materials from the downtown site and clarifying the application of the PAA to claims like these, even absent a materials license or government indemnity).  As correctly interpreted by this Court in the *Dailey* case, the *In re Cotter* decision, "held that the particular facts upon which these Westlake Landfill radioactive-contamination cases are based fall within the PAA's definition of a 'nuclear incident' and thus are actionable under the PAA."  Order of Status Report, *Dailey, et al. v.*

*Bridgeton Landfill, et al.*, No. 4:22-CV-00116, ECF No. 29, at 2 (quoting *In re Cotter*, 22 F.4th at 796).[2]  The same conclusion must be reached here.

### C.  The PAA is the Sole Avenue for Recovery When a Party Alleges Public Liability for a Nuclear Incident.

The PAA is part of a comprehensive federal regime that preempts the states from regulating the health and safety aspects of source, byproduct, and special nuclear material.  *See, e.g., Pac. Gas & Elec. Co. v. State Energy Res. Conserv. & Dev. Comm'n*, 461 U.S. 190, 205, 212-13, 103 S. Ct. 1713 (1983); *Skull Valley Band of Goshute Indians v. Nielson*, 376 F.3d 1223, 1240-45 (10th Cir. 2004). That regime of "pervasive federal regulation" occupies "the entire field of nuclear safety concerns." *In re TMI Litigation Cases Consol. II* ("*TMI II*"), 940 F.2d 832, 856-60 (3d Cir. 1991) and preempts where state causes of action conflict with the federal cause of action provided by the PAA.

As noted by the Supreme Court, the PAA's "unusual pre-emption provision . . . not only gives federal courts jurisdiction over tort actions arising out of nuclear accidents but also expressly provides for removal of such actions brought in state court *even when they assert only state-law claims*." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6, 123 S.Ct. 2058 (2003) (emphasis added).  In fact, the Supreme Court has indicated that the "pre-emptive force" of the PAA "is so extraordinary that it converts an ordinary state common-law complaint into one stating a federal claim . . . ." *El Paso Nat. Gas Co.*, 526 U.S. at 484 n.6 (internal citations omitted).

Given the breadth of the definition of "public liability action" under the Act, "the consequence of a determination that a particular plaintiff has failed to state a public liability claim potentially compensable under the Price-Anderson Act is that he has no such claim at all." *TMI II*, 940 F.2d at

---

[2] In fact, the panel for the Eighth Circuit specifically overturned the prior state of the law in this District on the issues of original federal question jurisdiction and federal cause of action: "[t]his Court rejects *Strong v. Republic Services, Inc.*, 283 F.Supp.3d 759 (E.D. Mo. 2017), upon which Plaintiffs and the district court relied, to the extent that *Strong* and other similar cases depart from the reasoning herein." *In re Cotter*, 22 F.4th at 796, n. 2.

854.  Indeed, after the 1988 amendments, "no state cause of action based on public liability exists"
and "[a] claim growing out of any nuclear incident is compensable under the terms of the [1988
amendments] *or it is not compensable at all*."  *TMI II*, 940 F.2d at 854 (emphasis original).

In *Dailey, et al. v. Bridgeton Landfill, LLC, et al.*, a related case before this Court on similar
allegations regarding exposure to source material from the West Lake Landfill, husband and wife
plaintiffs Michael and Robbin Dailey seek damages and injunctive relief for alleged radioactive
contamination of their home allegedly caused by the neighboring West Lake Landfill.  *Dailey v.
Bridgeton Landfill, LLC, et al.,* 299 F.Supp.3d 1090, 1094-95 (E.D. Mo. 2017).  The relevant factual
allegations in the *Dailey* case mirror those here:[3] the Daileys assert that their property has been
damaged by soil, dust, and air contamination from radioactive materials at the West Lake Landfill.
*Dailey*, 299 F. Supp. 3d at 1094.  The Daileys filed their original suit in St. Louis County Circuit
Court, pleading various state law theories of their case, and the case was removed to this Court,
arguing that the allegations arose under the PAA.  *Dailey*, 299 F. Supp. 3d at 1093.  When the *Dailey*
defendants moved to dismiss an amended complaint, which stated both causes of action under state
tort claims and the PAA, this Court noted that: "[a]lthough the Eighth Circuit has not addressed the
issue of PAA preemption of state-law claims, numerous other circuit courts have found that the PAA
is the sole avenue for recovery when a public liability action for a nuclear incident is plead. I agree."
*Id*. at 1093-94.  Ruling that the PAA is the exclusive claim for public liability actions arising out of
nuclear incidents, this Court dismissed the Daileys' state-law tort claims.[4]  *Id*. at 1099.

---

[3] While Plaintiffs plead this case as a putative class action, the *Dailey* case is an individual cause of action.

[4] The *Dailey* case was later remanded to state court, based on an argument from new counsel for plaintiffs in that case (the same counsel for Plaintiffs in this case) that the case was actually not a PAA case based exclusively on the ruling in *Strong v. Republic Services, Inc.*, 283 F. Supp. 3d 759 (E.D. Mo. 2017).  However, the Eighth Circuit expressly overturned the *Strong* decision in *In re Cotter*. 22 F.4th at 796, n. 2 ("This Court rejects *Strong v. Republic Services, Inc.*, 283 F.Supp.3d 759 (E.D. Mo. 2017), upon which Plaintiffs and the district court relied, to the extent that *Strong* and similar cases depart from the reasoning herein.").

This Court's finding that, where plaintiffs plead public liability under the PAA, recovery is limited to claims under the PAA, is correct and consistent with the holdings of most courts to consider the issue. *See, e.g., Matthews v. Centrus Energy Corp.*, 15 F.4th 714, 721 (6th Cir. 2021) (holding state law claims cannot stand as separate causes of action and affirming dismissal of those claims where plaintiffs disclaimed reliance on PAA); *In re Hanford Nuclear Reservation Litig.*, 534 F.3d 986, 1009-1010 (9th Cir. 2008) (PAA preempts medical monitoring claims since"[t]he PAA is the exclusive means of compensating victims for any and all claims arising out of nuclear incidents"); *Roberts v. Florida Power & Light Co.*, 146 F.3d 1305, 1306 (11th Cir. 1998) (PAA creates "exclusive" federal cause of action); *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1553 (6th Cir. 1997) (PAA preempts state law claims and they "cannot stand as separate causes of action"); *Kerr-McGee Corp. v. Farley*, 115 F.3d 1498, 1504 (10th Cir. 1997) (PAA as "sole remedy" for claims involving atomic energy production);  *O'Conner v. Commonwealth Edison Co.*, 13 F.3d 1090, 1101 (7th Cir. 1994); *TMI II*, 940 F.2d at 854 (nuclear incident claim is "compensable under the [PAA] *or it is not compensable at all*"); *Steward v. Honeywell Int'l, Inc.*, 469 F.Supp.3d 872, 879 (S.D. Ill. 2020) (where state law claims constitute public liability arising out of or resulting from a nuclear incident, such claims must be brought pursuant to the PAA, dismissing state claims with prejudice); *McGlone v. Centrus Energy Corp.*, 2020 WL 4431482 at *5, 19-CV-2196 (S.D. Ohio July 31, 2020) (state law claims dismissed as preempted by PAA and noting that other courts almost uniformly follow this approach); *Pinares, et al. v. United Technologies Corp, et al.*, 2018 WL 10502426 at *3, 14-CV-81385 (S.D. Fla. Nov. 14, 2018) (PAA is the only method to bring a state tort claim for a nuclear incident).  Indeed, this Court correctly "agreed with the many appellate courts that have examined the text, structure, history, and purpose of the PAA and found that it preempts state-law claims when a nuclear incident is alleged." *Dailey*, 299 F. Supp. 3d at 1098.

Because Plaintiffs' claims are preempted by the federal cause of action under the PAA and

Plaintiffs here disclaim recovery under the PAA, their only avenue for recovery, there is no material

issue of fact remaining and judgment on the pleadings is warranted.

## IV.    <u>CONCLUSION</u>

Wherefore, Defendants Bridgeton Landfill, LLC, Allied Services, LLC, and Republic

Services, Inc. respectfully request an order granting judgment on the pleadings on the state claims in

Plaintiffs' First Amended Class Action Petition, and any other relief that this Court deems proper.


Dated:  April 14, 2022                              Respectfully submitted,


By:   */s/ William G. Beck*
        William G. Beck #26849(MO)
        Allyson E. Cunningham #64802(MO)
        Attorneys for Defendants and Third-Party Plaintiff
        LATHROP GPM LLP
        2345 Grand Blvd., Ste. 2200
        Kansas City, MO  64108-2618
        Telephone: (816) 292-2000
        Fax: (816) 292-2001
        Email: william.beck@lathropgpm.com
        Email: allyson.cunningham@lathropgpm.com

        Patricia Lehtinen Silva #67213(MO)
        Kayla A. Brewe #69231(MO)
        Attorneys for Defendants and Third-Party Plaintiff
        LATHROP GPM LLP
        7701 Forsyth Blvd., Ste. 500
        Clayton, MO  63105
        Telephone: (314) 613-2800
        Fax: (314) 613-2801
        Email: patricia.silva@lathropgpm.com
        Email: kayla.brewe@lathropgpm.com