UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN C. KITCHIN, JR., et al., *on behalf of themselves and all others similarly situated*, </br></br>Plaintiffs, </br></br>v. </br></br>BRIDGETON LANDFILL, LLC, et al., </br></br>Defendants; </br>_____ </br></br>BRIDGETON LANDFILL, LLC, </br></br>Third-Party Plaintiff, </br></br>v. </br></br>COTTER CORPORATION, N.S.L., </br></br>Third-Party Defendant. | No. 4:18 CV 672 CDP |

## MEMORANDUM AND ORDER

This matter is before the me on plaintiffs and defendants' Joint Motion for Stay of Proceedings (ECF 99) pending the United States Supreme Court's decision on a petition for writ of certiorari anticipated to be filed in a related action, *Banks, et al. v. Cotter Corp., et al.*, Case No. 4:20CV1227 JAR (E.D. Mo.); *In re Cotter Corp. (N.S.L.)*, 22 F.4th 788 (8th Cir. 2022). I will grant the motion for stay.

The central issue in *Banks* is whether the Price-Anderson Act (PAA) applies

to the plaintiffs' claims in that action, which would provide the district court federal subject-matter jurisdiction over the claims.[1] Likewise, in this case, a central issue before me – and squarely raised in defendants' pending motion for judgment on the pleadings – is whether the factual allegations giving rise to plaintiffs' state-law claims make the claims subject to the PAA, which would thereby preempt any recovery plaintiffs seek under state law. Although my exercise of jurisdiction over plaintiffs' claims is not an issue given that the Eighth Circuit has already decided that federal subject-matter jurisdiction exists under the Class Action Fairness Act (CAFA), *Kitchin v. Bridgeton Landfill, LLC*, 3 F.4th 1089 (8th Cir. 2021), *cert. denied*, 142 S. Ct. 1111 (2022), I nevertheless agree with the parties that the Supreme Court's decision in *Banks* "would affect the landscape of this case," including the potential question of whether plaintiffs can proceed on their claims.

This Court has inherent power to grant a stay "in order to control its docket, conserve judicial resources, and provide for a just determination of the cases pending before it." *Contracting Nw., Inc. v. City of Fredericksburg*, 713 F.2d 382,

---

[1] *Banks* originated in state court and was removed to federal court upon a defendant's filing of a third-party complaint that specifically invoked the PAA against the third-party defendants. Although the PAA provided the basis for federal subject-matter jurisdiction over the third-party complaint, the district court decided that the PAA did not apply to plaintiffs' claims, which were pleaded under only state law. It therefore declined to exercise supplemental jurisdiction over those claims, severed them from the remainder of the removed case, and remanded them back to state court. On appeal, the Eighth Circuit reversed, holding that the PAA applied to plaintiffs' claims. It is from this decision that the *Banks* plaintiffs anticipate filing a petition for writ of certiorari.

387 (8th Cir. 1983).  In determining whether to grant a stay, the Court weighs the potential hardship to the parties and interests of judicial economy.  *St. Louis Heart Ctr. v. Athenahealth, Inc.*, No. 4:15-CV-1215 AGF, 2015 WL 6777873, at *4 (E.D. Mo. Nov. 4, 2015).  In this case, plaintiffs and defendants jointly request a stay, and a Supreme Court decision on the issue presented by *Banks* could substantially affect the litigation for the reasons set out above.  After careful consideration, I find that granting a stay will serve the public interest and promote judicial economy without prejudicing any party.

Accordingly,

**IT IS HEREBY ORDERED** that the plaintiffs and defendants' Joint Motion for Stay of Proceedings [99] is **GRANTED.**

**IT IS FURTHER ORDERED** that the parties shall file a Joint Status Report with the Court not later than **June 6, 2022, and every sixty (60) days thereafter.**  The parties shall also file a Joint Status Report **within ten (10) days** of the United States Supreme Court's decision on the petition for writ of certiorari related to *Banks, et al. v. Cotter Corp., et al.*, Case No. 4:20CV1227 JAR (E.D. Mo.); *In re Cotter Corp. (N.S.L.)*, 22 F.4th 788 (8th Cir. 2022).

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 26th day of April, 2022.