UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN C. KITCHIN, JR., et al., | ) | |
| *on behalf of themselves and all others* | ) | |
| *similarly situated*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:18 CV 672 CDP |
| | ) | |
| BRIDGETON LANDFILL, LLC, | ) | |
| et al., | ) | |
| | ) | |
| Defendants; | ) | |

## ORDER TO STAY

This matter is before me *sua sponte* upon review of the file.

Because the central issue raised in the Landfill defendants' opposition to plaintiffs' Motion for Leave to File Third Amended Complaint is presently before the Eighth Circuit Court of Appeals on interlocutory appeal in a related case, *see Mazzocchio v. Cotter Corp.*, No. 23-3709 (8th Cir. Dec. 18, 2023) – that is, whether federal dosing regulations provide the exclusive standard of care in public liability actions under the Price-Anderson Act (PAA) – I will stay this action pending the Eighth Circuit's decision in *Mazzocchio*.

A court has inherent power to grant a stay "in order to control its docket, conserve judicial resources, and provide for a just determination of the cases pending before it." *Contracting Nw., Inc. v. City of Fredericksburg*, 713 F.2d 382,

387 (8th Cir. 1983).  In determining whether to grant a stay, I weigh potential hardship to the parties and interests of judicial economy.  *St. Louis Heart Ctr. v. Athenahealth, Inc.*, No. 4:15-CV-1215 AGF, 2015 WL 6777873, at *4 (E.D. Mo. Nov. 4, 2015).

In this case, defendants assert that permitting plaintiffs to file a third amended complaint would be futile because the complaint fails to allege a violation of federal dosage regulations, which they contend is required to state a claim under the PAA.  Because the Eighth Circuit's decision on that central issue could substantially affect the course of this litigation, I conclude that granting a stay pending that decision will serve the public interest and promote judicial economy without prejudicing any party.  In reaching this decision, I have taken judicial notice of the Honorable John A. Ross's recent Order in another related case, *Banks v. Cotter Corp.*, No. 4:20CV1227 JAR (E.D. Mo. Mar. 13, 2024) (ECF 206, Memo & Order), and find that his analysis and reasons to stay that case pending a decision in *Mazzocchio* apply equally here.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **STAYED** pending disposition of the interlocutory appeal presently before the Eighth Circuit Court of Appeals in *Mazzocchio v. Cotter Corp.*, No. 23-3709 (8th Cir.).

**IT IS FURTHER ORDERED** that the parties shall file a Joint Status

Report with the Court not later than **June 11, 2024, and every sixty (60) days**

**thereafter**, informing the Court of the status of the proceedings before the Eighth

Circuit.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 12th day of April, 2024.